JOE NATHAN TUBBS
v.
RICHARD STALDER, SECRETARY, LA. DEPT. OF PUBLIC SAFETY & CORR., ET AL.
No. 2008 CA 2324.
Court of Appeals of Louisiana, First Circuit.
May 8, 2009.
Not Designated for Publication.
JOE NATHAN TUBBS, In Proper Person Plaintiff-Appellant.
SUSAN WALL GRIFFIN, Attorney for Defendants-Appellees Richard Stalder, et al.
Before: PARRO, McCLENDON, and WELCH, JJ.
WELCH, J.
The plaintiff/appellant, Joe Nathan Tubbs, is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department"), confined to the David Wade Correctional Center in Homer, Louisiana. He appeals the judgment of the district court dismissing his petition for judicial review of administrative remedy procedure ("ARP") number DWCC-07-1298. We affirm in accordance with Uniform RulesCourts of Appeal, Rule 2-16.2(A)(2), (5), (6), and (8).
According to the record, Tubbs was convicted of a crime and was sentenced in 1969 to life imprisonment for that crime. Tubbs filed an ARP, asserting that the conditions of his life sentence have been illegally made more stringent than when his sentence was originally imposed, and he requested that the same conditions of law available in 1969 be made available to his life sentence. Specifically, Tubbs contended that the version of La. R.S. 15:571.7 that was in effect at the time he received his life sentence should be applied to his sentence to render him eligible for commutation of sentence. The version of La. R.S. 15:571.7 that was in effect at the time he received his sentence provided:
Whenever a prisoner who has been convicted of a crime and sentenced to imprisonment for life, so conducts himself as to merit the approval of the superintendent of the state penitentiary he may apply for a commutation of his sentence and the application, upon approval of the superintendent, shall be forwarded to the governor. The governor may commute the sentence upon the recommendation in writing of the lieutenant governor, attorney general, and presiding judge of the court before which the conviction was had or any two of them. No commutation under this Section shall reduce the period of incarceration to less than ten years and six months.
This statute was also commonly referred to as the "10-6 law," as it essentially provided that the warden of the State's only prison could make a recommendation to the governor regarding inmates serving life terms, and the governor was granted the discretion to act on the recommendation to reduce a life term to a fixed number of years, not less than 10 years and 6 months. Former La. R.S. 15:571.7 was repealed by 1979 La. Acts, No. 490. Tubbs contends that the Department should apply the provisions of former La. R.S. 15:571.7 to his life sentence and that the Department's failure to do so constitutes an ex post facto application of the law.[1]
At the administrative remedy proceeding, the plaintiff was denied relief, and therefore, he commenced these proceedings for judicial review. On September 10, 2008, the commissioner recommended to the district court that the final agency decision in this matter should be affirmed and that Tubbs' request for judicial review should be dismissed with prejudice at his cost. By judgment rendered and signed on September 26, 2008, the district court affirmed the final agency decision rendered in this matter and dismissed the petition for judicial review at plaintiff's costs.
In the commissioner's recommendation to the district court judge, the commissioner noted that in State v. Dunn, 408 So.2d 1319, 1322 (La. 1982), the Louisiana Supreme Court found that former La. R.S. 15:571.7 neither mandated automatic commutation consideration by the governor nor created any right to commutation or consideration of commutation. The commissioner also noted that even though in practice, commutations may have been granted upon the warden's recommendation on a regular basis, the language of former La. R.S. 15:571.7 specifically provided that the warden's decision to recommend a commutation and the governor's decision to commute were totally within the discretion of the warden and the governor. Id. Given the supreme court's holding, the commissioner in this case concluded that Tubbs did not lose any right to a commutation upon repeal of former La. R.S. 15:571.7.
With regard to Tubbs' contention that the failure to apply former La. R.S. 15:571.7 to his life sentence constituted an ex post facto application of the law, the commissioner noted that in California Dept. of Corrections v. Morales, 514 U.S. 499, 505, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588 (1995), the United States Supreme Court recognized that the inquiry relevant to an ex post facto analysis was not whether a subsequent change in the law operated to an inmate's disadvantage or impacted an inmate's opportunity to seek an early release from physical custody, but whether the change in the law altered the definition of criminal conduct or increased a criminal penalty. Additionally, the commissioner noted that in State ex rel. Olivieri v. State, XXXX-XXXX, pp. 15-16 (La. 2/21/01), 779 So.2d 735, 744, cert. denied, Olivieri v. Louisiana, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001), and Hutchinson v. Louisiana, 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001), the Louisiana Supreme Court determined that for purposes of federal and state constitutional law, the operative factor in determining whether a law falls within the ambit of the ex post facto clause is whether a definition of criminal conduct has been altered or a criminal penalty has been increased. The commissioner then concluded that Tubbs had failed to show that the prohibitions against an ex post facto application of the law required that he be allowed to seek a commutation under the prior version of La. R.S. 15:571.7.
After a thorough review of the record, we find no error in the judgment of the district court. Under former La. R.S. 15:571.7, the warden's decision to recommend a commutation and the governor's decision to commute a sentence were within the discretion of the warden and the governor. Accordingly, Tubbs did not lose a right to have his sentence commuted when former La. R.S. 15:571.7 was repealed. Additionally, when La. R.S. 15:571.7 was repealed, it neither altered the definition of criminal conduct nor increased the criminal penalty for the conduct for which he was convicted. Therefore, the repeal of former La. R.S. 15:571.7 and the failure to apply it to Tubbs' life sentence does not constitute an ex post facto application of the law. Accordingly, we affirm the judgment of the district court in compliance with Uniform RulesCourts of Appeal, Rule 2-16.2(A)(2), (5), (6), and (8). All costs of this appeal are assessed to the plaintiff/appellant, Joe Nathan Tubbs.
AFFIRMED.
NOTES
[1] Article I, § 10 of the United States Constitution forbids states from passing any ex post facto law. Additionally, La. Const, art. I, § 23 prohibits the enactment of any ex post facto law.